KAREN P. HEWITT
United States Attorney
PAUL S. COOK
Assistant U. S. Attorney
California Bar No. 79010
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5687
pcook@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.  07CR2870-BTM |
| | ) | |
| Plaintiff, | ) | DATE: NOVEMBER 30, 2007 |
| | ) | TIME: 1:30 p.m. |
| v. | ) | |
| | ) | |
| MARVIN JOVANI CHACON-CANALES, | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS: |
| | ) | |
| Defendant. | ) | (1)  TO COMPEL DISCOVERY; |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF FACTS, |
| | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES AND GOVERNMENT'S |
| | ) | MOTIONS FOR RECIPROCAL DISCOVERY |

The United States of America, by its counsel, Karen P. Hewitt, United States Attorney, and Paul S. Cook, Assistant United States Attorney, hereby responds to and opposes Defendants' Motion To Compel Discovery.  This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.  The Government also hereby files its Motion for Reciprocal Discovery.

# I
# STATEMENT OF FACTS

On August 8, 2007, at 1:30 a.m. a USBP Agent responded to a seismic sensor activation in the Campo, California area, approximately twenty miles east of Tecate and one mile north of the U.S./Mexico border. The Agent followed a trial of fresh footprints until he found the Defendant and four other illegal aliens hiding in the brush. The Defendant responded to the Agent's questions about his nationality, and indicated he was a Mexican citizen and national with no legal right to be in the United States. Defendant and the others were placed under arrest and transported to the Campo Border Patrol Station.

Agents subsequently determined that the Defendant was a Honduran citizen who had been most recently deported on May 11, 2007, subsequent to his conviction in January 2004 for 1st Degree Aggravated Robbery with a Deadly Weapon in Texas. The Defendant was advised of his consular notification rights and declined to have the Honduran consulate notified. Defendant was subsequently advised of his <u>Miranda</u> rights in Spanish. He indicated that he understood his rights and was willing to speak to the agents without an attorney present. In a recorded interview, Defendant acknowledged that he was a citizen and national of Honduras with no legal right to be in the United States. He further admitted that he had crossed the international border fence a little after midnight on August 8, 2007, and was en route to Houston, Texas. He also admitted to his prior convictions and immigration history.

**II**
**THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH**
**ITS DISCOVERY OBLIGATIONS**

The United States is aware of its discovery obligations, and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. and will continue to comply with all discovery rules. The United States has provided Defendant with 83 pages of discovery and a CD of the Defendant's post-arrest interview. Regarding the specific requests made by the Defendant, the United States responds as follows:

1. Defendant's Statements

The United States has provided a CD containing the recorded statement the Defendant made during a consensual, custodial interview by law enforcement officers, and written reports of this interview.

2. Arrest Reports and Notes

The United States has provided the reports of the federal agents who arrested the Defendant. Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they compromise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992); United States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932 (9th Cir. 1981).

3. <u>Brady Material</u>

The United States is aware of its continuing obligations under <u>Brady</u> and its progeny. To the extent that any evidence favorable to the Defendant exists, it has been provided to the Defendants.

4. <u>Defendant's Prior Record</u>

The Defendant's prior record has been disclosed.

5. <u>Rule 404(b) Evidence</u>

The United States will provide Defendant with notice of its intent to present evidence pursuant to Rule 404(b) three weeks before trial or as otherwise ordered by the Court.

6. <u>Evidence Seized and Preservation of Evidence</u>

The Government will preserve all evidence seized from the Defendant, who in turn may make an appointment, at a mutually convenient time, to inspect the evidence.

7. <u>Henthorn Material</u>

The Government will review the requested personnel files of all <u>federal</u> law enforcement individuals who will be called as witnesses in this case for <u>Brady</u> material. The Government will request that counsel for the appropriate federal agency conduct such review. <u>See</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir. 1992).

Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v. Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable to the defense that meets the appropriate standard of materiality ..." <u>Cadet</u>, 727 F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the materiality of the information within its

possession in such personnel files, the information will be submitted to the Court for <u>in</u> <u>camera</u> inspection and review.

8. <u>Tangible Objects</u>

The Government will provide copies of or an opportunity to inspect all documents and tangible things material to the defense, intended for use in the Government's case in chief, or seized from Defendant. Although the government does not concede that the A-file in its entirety is discoverable under Rule 16, it will provide an opportunity for defense counsel to view it.

9. <u>Expert Witnesses</u>

The Government will notify Defendant of its expert witnesses prior to trial, and will comply with Fed. R. Crim. P. 16(a)(1)(G).

10. <u>Criminal Investigation of Any Government Witnesses</u>

At this time, the Government is unaware of any criminal involvement by any prospective government witness, or that any witness is under investigation. Defendant's reliance on <u>United States v. Chitty</u>, 760 F.2d 425 (2nd Cir. 1985), in support of these requests is misplaced. In <u>Chitty</u>, the Second Circuit held that such information was discoverable where the Government witness had been told he was under investigation and thus had a motive to testify favorably for the Government. <u>Id.</u> at 428.

Although the Government will provide conviction records, if any, which could be used to impeach a witness, the Government is under no obligation to turn over the criminal records of all witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976). Disclosure need only extend to witnesses the Government intends to call in its

case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify. A defendant is not entitled, however, to any and all evidence that a prospective witness is under investigation by federal, state or local authorities for misconduct.

11. Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling

The Government is unaware of any witness with perception, recollection, communication, or veracity problems.

12. List and Addresses of Witnesses

The Government has provided Defendant with the investigative reports relating to this crime. These reports include the names of the law enforcement personnel, eye witnesses and other people interviewed as part of the follow-up investigation. The Government will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See United States v. Hicks, 103 F.3d 837, 841 (9th Cir. 1996)("A district court that orders the Government and the defendant to exchange witness lists and summaries of anticipated witness testimony in advance of trial has exceeded its authority under

Rule 16 of the Federal Rules of Criminal Procedure and has committed error."); United States v. Thompson, 493 F.2d 305, 309 (9th Cir.1977).

Federal Rule of Criminal Procedure 16 does not require the government (or the defense) to disclose the names and addresses of witnesses pretrial. Indeed, the Advisory Committee Notes reflect that the Committee rejected a proposal that would have required the parties to exchange the names and addresses of their witnesses three days before trial:

> The House version of the bill provides that each party, the government and the defendant, may discover the names and addresses of the other party's witnesses 3 days before trial. The Senate version of the bill eliminates these provisions, thereby making the names and addresses of a party's witnesses nondiscoverable. The Senate version also makes a conforming change in Rule 16(d)(1). The Conference adopts the Senate version.
>
> A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

United States v. Napue, 834 F.2d 1311, 1317-19 (7th Cir. 1987) (quoting Rule 16 advisory committee notes) (emphasis added).

The Government will not provide Defendant with names and addresses of witnesses it does not intend to call. The Government is unaware of any witnesses that are favorable to the Defendant.

13.  Jencks Act Material

Virtually all such material has been provided to the Defendant. To the extent that other material which qualifies as a statement of the witness under the Jencks Act becomes available, it will be provided to the Defendant in advance of trial.

14. Giglio Information

The Government will comply with its obligations to disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972). The Government is unaware of any such material at this time.

15. Informant Information

The Government will comply with this request to the extent that any informants or cooperating witnesses are percipient witnesses, have given Brady material to Government agents or are called by the Government to testify. The Government is unaware of any informants in this case.

16. Personnel Records of Government Officers

To the extent that this request is covered by the Government's obligations under Henthorn, the Government will comply, but declines to provide the broader spectrum of items requested here by defendant.

17. Training of Relevant law Enforcement Officers

Defendant cites no authority for such a broad request, and the Government declines to provide such information as it is not required by Rule 16 of the Federal Rules of Criminal Procedure.

18. Performance Goals and Policy Awards

Again, this overly broad request is not required by Rule 16 or any other authority and the Government declines to provide such information beyond that already provided.

**III**
THE GOVERNMENT'S MOTION FOR RECIPROCAL
DISCOVERY SHOULD BE GRANTED

The discovery provided to Defendant, at her request, includes documents and objects which are discoverable under Rule 16(a)(1)(E). Consequently, the Government is entitled to discover from the

1 defendant any books, papers, documents, data, photographs, tangible
2 objects, buildings or places, or copies or portions of any of these
3 items that are in Defendant's possession, custody or control and which
4 Defendant intends to use in the Defendant's case-in-chief. See Rule
5 16(b)(1)(A), Fed. R. Crim. P..

6     Fed. R. Crim. P. 26.2 requires the production of prior statements
7 of all witnesses, except Defendant's.  The new rule thus provides for
8 the reciprocal production of Jencks statements.  The time frame
9 established by the rule requires the statement to be provided after
10 the witness has testified, as in the Jencks Act.  Therefore, the
11 United States hereby requests that Defendant be ordered to supply all
12 prior statements of defense witnesses by a reasonable date before
13 trial to be set by the Court.  This order should include any form
14 these statements are memorialized in, including but not limited to,
15 tape recordings, handwritten or typed notes or reports.

**IV**
**CONCLUSION**

18     For the above stated reasons, the Government respectfully
19 requests that the Defendant's motions be denied, except where
20 unopposed, and the Government's motion for reciprocal discovery be
21 granted.

22     Date: November 20, 2007.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Paul S. Cook
PAUL S. COOK
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR2870-BTM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| MARVIN JOVANI CHACON-CANALES, | ) ) | |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. John C. Lemon

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2007.

s/Paul S. Cook
PAUL S. COOK