1  KAREN P. HEWITT
   United States Attorney
2  PAUL S. COOK
   Assistant U. S. Attorney
3  California Bar No. 79010
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5687
   pcook@usdoj.gov
6

7  Attorneys for the United States of America

8
                      UNITED STATES DISTRICT COURT
9
                    SOUTHERN DISTRICT OF CALIFORNIA
10
   UNITED STATES OF AMERICA,      )    Criminal Case No.  07CR2870-BTM
11                                 )
                      Plaintiff,   )    DATE: NOVEMBER 30, 2007
12                                 )    TIME: 1:30 p.m.
         v.                        )
13                                 )
   MARVIN JOVANI                   )
14        CHACON-CANALES,          )
                                   )    GOVERNMENT'S RESPONSE AND
15                                 )    OPPOSITION TO DEFENDANT'S
                                   )    MOTIONS:
16                                 )
                      Defendant.   )    (1)  TO COMPEL DISCOVERY;
17                                 )
                                   )    TOGETHER WITH STATEMENT OF FACTS,
18                                 )    MEMORANDUM OF POINTS AND
                                   )    AUTHORITIES AND GOVERNMENT'S
19                                 )    MOTIONS FOR RECIPROCAL DISCOVERY
   ────────────────────────────────)
20
         The United States of America, by its counsel, Karen P. Hewitt,
21
   United States Attorney, and Paul S. Cook, Assistant United States
22
   Attorney, hereby responds to and opposes Defendants' Motion To Compel
23
   Discovery.  This response and opposition is based upon the files and
24
   records of the case, together with the attached statement of facts and
25
   memorandum of points and authorities.  The Government also hereby
26
   files its Motion for Reciprocal Discovery.
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I**
**STATEMENT OF FACTS**

On August 8, 2007, at 1:30 a.m. a USBP Agent responded to a seismic sensor activation in the Campo, California area, approximately twenty miles east of Tecate and one mile north of the U.S./Mexico border.  The Agent followed a trial of fresh footprints until he found the Defendant and four other illegal aliens hiding in the brush.  The Defendant responded to the Agent's questions about his nationality, and indicated he was a Mexican citizen and national with no legal right to be in the United States.  Defendant and the others were placed under arrest and transported to the Campo Border Patrol Station.

Agents subsequently determined that the Defendant was a Honduran citizen who had been most recently deported on May 11, 2007, subsequent to his conviction in January 2004 for 1st Degree Aggravated Robbery with a Deadly Weapon in Texas.  The Defendant was advised of his consular notification rights and declined to have the Honduran consulate notified.  Defendant was subsequently advised of his Miranda rights in Spanish.  He indicated that he understood his rights and was willing to speak to the agents without an attorney present.  In a recorded interview, Defendant acknowledged that he was a citizen and national of Honduras with no legal right to be in the United States. He further admitted that he had crossed the international border fence a little after midnight on August 8, 2007, and was en route to Houston, Texas.  He also admitted to his prior convictions and immigration history.

2                                      07CR2870-BTM

1
2

**II**
**THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH**
**ITS DISCOVERY OBLIGATIONS**

3      The United States is aware of its discovery obligations, and will

4   continue to comply with its obligations under <u>Brady v. Maryland</u>, 373

5   U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the

6   Federal Rules of Criminal Procedure. and will continue to comply with

7   all discovery rules.  The United States has provided Defendant with

8   83 pages of discovery and a CD of the Defendant's post-arrest

9   interview.  Regarding the specific requests made by the Defendant, the

10  United States responds as follows:

11      1.    <u>Defendant's Statements</u>

12      The United States has provided a CD containing the recorded

13  statement the Defendant made during a consensual, custodial interview

14  by law enforcement officers, and written reports of this interview.

15      2.    <u>Arrest Reports and Notes</u>

16      The United States has provided the reports of the federal agents

17  who arrested the Defendant.  Agent rough notes, if any exist, will be

18  preserved, but they will not be produced as part of Rule 16 discovery.

19      A defendant is not entitled to rough notes because they are not

20  "statements" within the meaning of the Jencks Act unless they

21  compromise both a substantially verbatim narrative of a witness'

22  assertions and they have been approved or adopted by the witness.

23  <u>United States v. Bobadilla-Lopez</u>, 954 F.2d 519 (9th Cir. 1992); <u>United</u>

24  <u>States v. Spencer</u>, 618 F.2d 605 (9th Cir. 1980); <u>see</u> <u>also</u> <u>United</u>

25  <u>States v. Griffin</u>, 659 F.2d 932 (9th Cir. 1981).

26
27
28

3                                     07CR2870-BTM

1        3.    Brady Material

2        The United States is aware of its continuing obligations under

3    Brady and its progeny.  To the extent that any evidence favorable to

4    the Defendant exists, it has been provided to the Defendants.

5        4.    Defendant's Prior Record

6        The Defendant's prior record has been disclosed.

7        5.    Rule 404(b) Evidence

8        The United States will provide Defendant with notice of its

9    intent to present evidence pursuant to Rule 404(b) three weeks before

10   trial or as otherwise ordered by the Court.

11       6.    Evidence Seized and Preservation of Evidence

12       The Government will preserve all evidence seized from the

13   Defendant, who in turn may make an appointment, at a mutually

14   convenient time, to inspect the evidence.

15       7.    Henthorn Material

16       The Government will review the requested personnel files of all

17   federal law enforcement individuals who will be called as witnesses

18   in this case for Brady material.  The Government will request that

19   counsel for the appropriate federal agency conduct such review. See

20   United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).

21       Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir.

22   1991) and United States v. Cadet, 727 F.2d 1452 (9th Cir. 1984), the

23   United States agrees to "disclose information favorable to the defense

24   that meets the appropriate standard of materiality ..." Cadet, 727

25   F.2d at 1467, 1468.  Further, if counsel for the United States is

26   uncertain about the materiality of the information within its

27

28                                    4                          07CR2870-BTM

1  possession in such personnel files, the information will be submitted

2  to the Court for <u>in camera</u> inspection and review.

3     8.    <u>Tangible Objects</u>

4     The Government will provide copies of or an opportunity to

5  inspect all documents and tangible things material to the defense,

6  intended for use in the Government's case in chief, or seized from

7  Defendant.  Although the government does not concede that the A-file

8  in its entirety is discoverable under Rule 16, it will provide an

9  opportunity for defense counsel to view it.

10    9.    <u>Expert Witnesses</u>

11    The Government will notify Defendant of its expert witnesses

12 prior to trial, and will comply with Fed. R. Crim. P. 16(a)(1)(G).

13    10.    <u>Criminal Investigation of Any Government Witnesses</u>

14    At this time, the Government is unaware of any criminal

15 involvement by any prospective government witness, or that any witness

16 is under investigation.  Defendant's reliance on <u>United States v.</u>

17 <u>Chitty</u>, 760 F.2d 425 (2nd Cir. 1985), in support of these requests is

18 misplaced.  In <u>Chitty</u>, the Second Circuit held that such information

19 was discoverable where the Government witness had been told he was

20 under investigation and thus had a motive to testify favorably for the

21 Government.  <u>Id.</u> at 428.

22    Although the Government will provide conviction records, if any,

23 which could be used to impeach a witness, the Government is under no

24 obligation to turn over the criminal records of all witnesses.  <u>United</u>

25 <u>States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976).  Disclosure

26 need only extend to witnesses the Government intends to call in its

27

28                               5                            07CR2870-BTM

case-in-chief.  <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir.

1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

The Government will turn over evidence within its possession

which could be used to properly impeach a witness who has been called

to testify.  A defendant is not entitled, however, to any and all

evidence that a prospective witness is under investigation by federal,

state or local authorities for misconduct.

11.   Evidence Affecting Perception, Recollection,
      <u>Ability to Communicate, or Truth Telling</u>

The Government is unaware of any witness with perception,

recollection, communication, or veracity problems.

12.   <u>List and Addresses of Witnesses</u>

The Government has provided Defendant with the investigative

reports relating to this crime.  These reports include the names of

the law enforcement personnel, eye witnesses and other people

interviewed as part of the follow-up investigation.  The Government

will provide Defendant with a list of all witnesses which it intends

to call in its case-in-chief at the time the Government's trial

memorandum is filed, although delivery of such  list is not required.

See <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United</u>

<u>States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States v.</u>

<u>Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant, however, is not

entitled to the production of addresses or phone numbers of possible

Government witnesses.  See <u>United States v. Hicks</u>, 103 F.3d 837, 841

(9th Cir. 1996)("A district court that orders the Government and the

defendant to exchange witness lists and summaries of anticipated

witness testimony in advance of trial has exceeded its authority under

6                                    07CR2870-BTM

1  Rule 16 of the Federal Rules of Criminal Procedure and has committed

2  error."); <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir.1977).

3      Federal Rule of Criminal Procedure 16 does not require the

4  government (or the defense) to disclose the names and addresses of

5  witnesses pretrial.  Indeed, the Advisory Committee Notes reflect that

6  the Committee rejected a proposal that would have required the parties

7  to exchange the names and addresses of their witnesses three days

8  before trial:

9          The House version of the bill provides that each party, the
           government and the defendant, may discover the names and
10         addresses of the other party's witnesses 3 days before
           trial. The Senate version of the bill eliminates these
11         provisions, thereby making the names and addresses of a
           party's witnesses nondiscoverable. The Senate version also
12         makes a conforming change in Rule 16(d)(1). The Conference
           adopts the Senate version.

13         <u>A majority of the Conferees believe it is not in the
14         interest of the effective administration of criminal
           justice to require that the government or the defendant be
15         forced to reveal the names and addresses of its witnesses
           before trial.</u> Discouragement of witnesses and improper
16         contact directed at influencing their testimony, were
           deemed paramount concerns in the formulation of this
17         policy.

   <u>United States v. Napue</u>, 834 F.2d 1311, 1317-19 (7th Cir. 1987)
18
   (quoting Rule 16 advisory committee notes) (emphasis added).
19
20      The Government will not provide Defendant with names and

21  addresses of witnesses it does not intend to call.  The Government is

22  unaware of any witnesses that are favorable to the Defendant.

23      13.  <u>Jencks Act Material</u>

24      Virtually all such material has been provided to the Defendant.

25  To the extent that other material which qualifies as a statement of

26  the witness under the Jencks Act becomes available, it will be

27  provided to the Defendant in advance of trial.

28                              7                        07CR2870-BTM

1    14.    Giglio Information

2    The Government will comply with its obligations to disclose

3    impeachment evidence under Giglio v. United States, 405 U.S. 150

4    (1972).  The Government is unaware of any such material at this time.

5    15.    Informant Information

6    The Government will comply with this request to the extent that

7    any informants or cooperating witnesses are percipient witnesses, have

8    given Brady material to Government agents or are called by the

9    Government to testify.  The Government is unaware of any informants

10    in this case.

11    16.    Personnel Records of Government Officers

12    To the extent that this request is covered by the Government's

13    obligations under Henthorn, the Government will comply, but declines

14    to provide the broader spectrum of items requested here by defendant.

15    17.    Training of Relevant law Enforcement Officers

16    Defendant cites no authority for such a broad request, and the

17    Government declines to provide such information as it is not required

18    by Rule 16 of the Federal Rules of Criminal Procedure.

19    18.    Performance Goals and Policy Awards

20    Again, this overly broad request is not required by Rule 16 or

21    any other authority and the Government declines to provide such

22    information beyond that already provided.

23    **III**
THE GOVERNMENT'S MOTION FOR RECIPROCAL
24    DISCOVERY SHOULD BE GRANTED

25    The discovery provided to Defendant, at her request, includes

26    documents and objects which are discoverable under Rule 16(a)(1)(E).

27    Consequently, the Government is entitled to discover from the

28                                          8                    07CR2870-BTM

1 defendant any books, papers, documents, data, photographs, tangible

2 objects, buildings or places, or copies or portions of any of these

3 items that are in Defendant's possession, custody or control and which

4 Defendant intends to use in the Defendant's case-in-chief. See Rule

5 16(b)(1)(A), Fed. R. Crim. P..

6      Fed. R. Crim. P. 26.2 requires the production of prior statements

7 of all witnesses, except Defendant's. The new rule thus provides for

8 the reciprocal production of Jencks statements. The time frame

9 established by the rule requires the statement to be provided after

10 the witness has testified, as in the Jencks Act. Therefore, the

11 United States hereby requests that Defendant be ordered to supply all

12 prior statements of defense witnesses by a reasonable date before

13 trial to be set by the Court. This order should include any form

14 these statements are memorialized in, including but not limited to,

15 tape recordings, handwritten or typed notes or reports.

16                                **IV**
                            **CONCLUSION**
17

18      For the above stated reasons, the Government respectfully

19 requests that the Defendant's motions be denied, except where

20 unopposed, and the Government's motion for reciprocal discovery be

21 granted.

22      Date: November 20, 2007.

23                                  Respectfully submitted,

24                                  KAREN P. HEWITT
                                    United States Attorney
25
                                    s/Paul S. Cook
26                                  PAUL S. COOK
                                    Assistant United States Attorney
27

28                          9                          07CR2870-BTM

1

UNITED STATES DISTRICT COURT

2

SOUTHERN DISTRICT OF CALIFORNIA

3

UNITED STATES OF AMERICA,        )        Case No. 07CR2870-BTM
                                 )
4                   Plaintiff,   )
                                 )
5              v.                )
MARVIN JOVANI                    )
6         CHACON-CANALES,        )
                                 )        CERTIFICATE OF SERVICE
7                                )
                                 )
8                   Defendant.   )
  _____)

9

     IT IS HEREBY CERTIFIED THAT:

10

     I, Paul S. Cook, am a citizen of the United States and am at
11  least eighteen years of age.  My business address is 880 Front Street,
    Room 6293, San Diego, California 92101-8893.

12

     I am not a party to the above-entitled action.  I have caused
13  service of Government's Response and Opposition to Defendant's Motions
    on the following party by electronically filing the foregoing with the
14  Clerk of the District Court using its ECF System, which electronically
    notifies them.

15

     1.   John C. Lemon

16

     I declare under penalty of perjury that the foregoing is true and
17  correct.

18

     Executed on November 20, 2007.

19

                                   s/Paul S. Cook
                                   PAUL S. COOK

20

21

22

23

24

25

26

27

28

07CR2870-BTM